## KEEP v. KELLY.

1. When in a justice's court the demand, independent of credits, would exceed one hundred dollars, the credit, to bring it within the jurisdiction of the justice, must be specifically set forth in the state of demand. Such has been the uniform ruling of this court.
2. But when the credit is not specific, and the defendant does not object to the jurisdiction of the court, but files an account, in which he claims that the plaintiff is indebted to him in a certain sum, so that it appears by the record that both parties admit the debt or balance in dispute to be less than one hundred dollars, it is not within the adjudged cases, and the defect in the state of demand is cured by the plea.

*Certiorari* to the Common Pleas of Morris.

Argued in the branch court, before Justices DALRIMPLE and WOODHULL.

For the plaintiff in *certiorari*, A. G. *Richey* cited *Price* v. *Smock*, *Penn. Rep.* 206 ; *Colman* v. *Parcell*, *Penn. Rep.* 561 ; *Larue* v. *Boughaner*, 1 *South.* 104 ; *Haggerty* v. *Van Kirk et al.*, 4 *Halst.* 118 ; *Rice* v. *Oxenius*, 2 *Penn.* 661 ; *Howell* v. *Burnet*, *Spenc.* 265 ; *McHenry* v. *Forsyth*, 2 *Penn.* 1002.

For the defendant, J. *Vanatta* cited 1 *Greenl. Ev.*, § 27 ; *Pinckney* v. *Ayres & Tunis*, 1 *Zab.* 694.

The opinion of the court was delivered by

DALRIMPLE, J.   Two reasons are relied upon for reversal of the judgment below.   *First*, because the state of demand does not show a cause of action within the jurisdiction of the justice.   *Second*, because the Common Pleas rejected competent testimony offered by the plaintiff in *certiorari*, who was the defendant below.

The state of demand claims a balance of eighty-four dollars, for two years' work and labor of plaintiff for defendant, commencing on the fifth day of April, eighteen hundred and sixty-one, at twenty-three dollars per month, and then contains the following allegation : " The said wages,

except the balance above claimed, having heretofore been paid by the defendant to the plaintiff."

This state of demand is, according to the decisions of this court, cited by plaintiff's counsel insufficient, because they are not specifically set forth. As intimated by C. J. Ewing, in the case in 4 *Halst.* 118, (*Haggerty* v. *Van Kirk*,) and by Justice Carpenter, in the case in 1 *Zab.* 694, (*Pinckney* v. *Ayres & Tunis.*)

The court would probably, if this were a new question, decide the other way. If a state of demand clearly sets forth the plaintiff's claim, and then in general terms alleges that a certain part of that claim has been paid by the defendant, leaving a balance due, which is within the jurisdiction of the justice, it would not seem that any rule of pleading is violated, nor that the credit must be fictitious. The doctrine of the cases referred to, is that the credits should be specifically set forth, so that the court can judge whether or not, if allowed, they will bring the case within the jurisdiction of the justice. In the case before us, the defendant appeared on the return day of the summons, and filed a statement or summary of the dealings between the parties, showing that the plaintiff was indebted to the defendant in the sum of eighteen dollars, or thereabouts, and neither in the justice's court nor in the pleas objected to the jurisdiction of the court. The record thus shows that the plaintiff and defendant alike admitted, that the debt or balance in dispute was less than one hundred dollars. None of the cases cited by the counsel of plaintiff in *certiorari*, show that there was an offset or plea of payment filed, which, if allowed, would have reduced the plaintiff's demand to one hundred dollars or less. They all turned upon the state of demand, standing by itself. Without intending at all to unsettle the rule as laid down in the cases cited on this point by the counsel of plaintiff in *certiorari*, we think that the present case does not come within it. We are to take the whole case as it was presented to the justice upon the pleadings. The defect in the state of demand is cured by the defendant's offset or plea, by which it appears that he distinctly

admits the case to be within the jurisdiction of the court, and that instead of the credits allowed by the plaintiff being too large, they are not enough. The objection to the state of demand is not tenable; *vide Williams and Priestly* v. *Hamilton*, 1 *South.* 220.

It appears that the plaintiff in *certiorari* offered to prove before the Common Pleas his plea of payment or offset by his books of original entry. They were not offered before the justice; no affidavit of newly discovered evidence was filed, no notice given under the statute authorizing the appellate court to receive them and they were properly rejected.

The judgment must be affirmed with costs.